UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**UNITED STATES OF AMERICA**

v.

**RODNEY ALAN HORTMAN**

Case Number: 2:23-cr-89-SPC-NPM

USM Number: 75325-510

Yvette Clair Gray, AFPD
2075 West First Street, Suite 300
Ft Myers, FL 33901

**AMENDED[1]**
**JUDGMENT IN A CRIMINAL CASE**

Defendant pleaded guilty to Count One of the Indictment. Defendant is adjudicated guilty of this offense:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2) | Possession and Access with Intent to View Prepubescent Child Pornography | June 6, 2023 | One |

Defendant is sentenced as provided in pages 2 through 10 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS ORDERED** that Defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Judgment:

April 28, 2025

*/s/ Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

August 29, 2025

»

---

[1] Amended only to include restitution as per the Stipulation Regarding Restitution (Doc. 111). All other terms and conditions remain unchanged.

AO 245B (Rev. 09/19) Judgment in a Criminal Case

**Rodney Alan Hortman**
**2:23-cr-89-SPC-NPM**

# IMPRISONMENT

Defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **60-MONTHS**.

The Court makes the following recommendations to the Bureau of Prisons:

- Incarceration at Butner FCI.

Defendant is remanded to the custody of the United States Marshal.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
Deputy U.S. Marshal

**Rodney Alan Hortman**
**2:23-cr-89-SPC-NPM**

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of **LIFE**.

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse.
4. Defendant must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution.
5. Defendant shall cooperate in the collection of DNA, as directed by the probation officer.
6. Defendant must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense.

The defendant shall comply with the standard conditions that have been adopted by this court as well as any other conditions on the attached page.

AO 245B (Rev. 09/19) Judgment in a Criminal Case

Rodney Alan Hortman
2:23-cr-89-SPC-NPM

# STANDARD CONDITIONS OF SUPERVISION

As part of Defendant's supervised release, Defendant must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for Defendant's behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in Defendant's conduct and condition.

1. Defendant must report to the probation office in the federal judicial district where Defendant is authorized to reside within 72 hours of Defendant's release from imprisonment, unless the probation officer instructs Defendant to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, Defendant will receive instructions from the court or the probation officer about how and when Defendant must report to the probation officer, and Defendant must report to the probation officer as instructed.
3. Defendant must not knowingly leave the federal judicial district where Defendant is authorized to reside without first getting permission from the court or the probation officer.
4. Defendant must answer truthfully the questions asked by Defendant's probation officer
5. Defendant must live at a place approved by the probation officer. If Defendant plans to change where Defendant lives or anything about Defendant's living arrangements (such as the people Defendant lives with), Defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, Defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. Defendant must allow the probation officer to visit Defendant at any time at Defendant's home or elsewhere, and Defendant must permit the probation officer to take any items prohibited by the conditions of Defendant's supervision that the probation officer observes in plain view.
7. Defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses Defendant from doing so.  If Defendant does not have full-time employment Defendant must try to find full-time employment, unless the probation officer excuses Defendant from doing so. If Defendant plans to change where Defendant works or anything about Defendant's work (such as Defendant's position or Defendant's job responsibilities), Defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, Defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. Defendant must not communicate or interact with anyone Defendant knows is engaged in criminal activity.  If Defendant knows someone has been convicted of a felony, Defendant must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If Defendant is arrested or questioned by a law enforcement officer, Defendant must notify the probation officer within 72 hours.
10. Defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers).
11. Defendant must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that Defendant poses a risk to another person (including an organization), the probation officer may require Defendant to notify the person about the risk and Defendant must comply with that instruction.  The probation officer may contact the person and confirm that Defendant has notified the person about the risk.
13. Defendant must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature:_____        Date:_____

AO 245B (Rev. 09/19) Judgment in a Criminal Case

**Rodney Alan Hortman**
2:23-cr-89-SPC-NPM

# ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1. Defendant shall participate in a mental health treatment program (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this court directive. Further, Defendant shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Mental Health Treatment Services.

2. Defendant shall participate in a mental health program specializing in sex offender treatment and submit to polygraph testing for treatment and monitoring purposes. Defendant shall follow the probation officer's instructions regarding the implementation of this court directive. Further, Defendant shall contribute to the costs of such treatment and/or polygraphs not to exceed an amount determined reasonable by the Probation Officer base on ability to pay or availability of third-party payment and in conformance with the Probation Office's Sliding Scale for Treatment Services.

3. Defendant shall register with the state sexual offender registration agency(s) in any state where you reside, visit, are employed, carry on a vocation, or are a student, as directed by Defendant's probation officer. The probation officer will provide state officials with all information required under Florida sexual predator and sexual offender notification and registration statutes (F.S.943.0435) and/or the Sex Offender Registration and Notification Act (Title I of the Adam Walsh Child Protection and Safety Act of 2006, Public Law 109-248), and may direct Defendant to report to these agencies personally for required additional processing, such as photographing, fingerprinting, and DNA collection.

4. Defendant shall have no direct contact with minors (under the age of 18) without the written approval of the probation officer and shall refrain from entering into any area where children frequently congregate, including: schools, daycare centers, theme parks, playgrounds, etc.

5. Defendant is prohibited from possessing, subscribing to, or viewing, any video, magazine, or literature depicting children in the nude and/or in sexually explicit positions.

6. Defendant shall not possess or use a computer (including a smart phone, a hand-held computer device, gaming console, or any other electronic device) with access to any online service at any location without written approval from the probation officer. This prohibition includes access through any Internet service provider, bulletin board system, or any public or private computer network system, including but not limited to a public library, an internet café, your place of employment, or an educational facility. The defendant is also prohibited from possessing an electronic data storage medium (including a flash drive, a compact disk, and a floppy disk) or using any data encryption technique or program. Defendant shall permit routine inspection of Defendant's computer system, hard drives, and any other electronic data storage medium, to confirm adherence to this condition. This inspection shall be no more intrusive than is necessary to ensure compliance with this condition. Defendant shall inform Defendant's employer, or other third party who may be impacted by this condition, of this computer-related restriction and the computer inspection provision of the condition.

7. Defendant shall submit to a search of Defendant's person, residence, place of business, any storage units under Defendant's control, computer, or vehicle, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation. Defendant shall inform any other residents that the premises may be subject to a search pursuant to this condition.

8. Defendant shall submit to random drug screens not to exceed 104 tests per year.

AO 245B (Rev. 09/19) Judgment in a Criminal Case

Rodney Alan Hortman
2:23-cr-89-SPC-NPM

# CRIMINAL MONETARY PENALTIES

Defendant shall pay the following total criminal monetary penalties under the schedule of payments set forth in the Schedule of Payments.

|   | Assessment | AVAA Assessment[2] | JVTA Assessment[3] | Fine | Restitution |
|---|---|---|---|---|---|
| TOTALS | $100.00 | WAIVED | WAIVED | WAIVED | $66,000.00 |

Defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If Defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | Restitution Ordered |
|---|---|
| Re: 8kids3 series<br>Payments to be sent:<br>The Law Office of Erik Bauer<br>P.O. Box 1091<br>Tacoma, Washington 98401<br>Payable to: "Erik Bauer in Trust for John Doe 3" | $3,000.00 |
| Re: 8kids4 series<br>Payments to be sent:<br>The Law Office of Erik Bauer<br>P.O. Box 1091<br>Tacoma, Washington 98401<br>Payable to: "Erik Bauer in Trust for John Doe 4" | $3,000.00 |
| Re: Aprilblonde series<br>Payments to be sent:<br>Restore the Child, PLLC<br>2522 N. Proctor St., Suite 85<br>Tacoma, Washington 98406<br>Payable to: "Restore the Child in Trust for April" | $3,000.00 |
| Re: Best Necklace series<br>Payments to be sent:<br>Carol L. Hepburn, P.S.<br>P.O. Box 17718<br>Seattle, WA 98127<br>Payable to: "Carol L. Hepburn I/T/F Maria" | $3,000.00 |

---

[2] Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
[3] Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

AO 245B (Rev. 09/19) Judgment in a Criminal Case

**Rodney Alan Hortman**
2:23-cr-89-SPC-NPM

| | |
|---|---|
| Re: Blue Pillow1 series<br>Payments to be sent:<br>Deborah A. Bianco, P.S.<br>P.O. Box 6503<br>Bellevue, WA 98008<br>Payable to: "Deborah A. Bianco, in trust for Henley" | $3,000.00 |
| Re: BluesPink1 series<br>Payments to be sent:<br>Marsh Law Firm PLLC<br>ATTN: Fiona<br>P.O. Box 4668 #65135<br>New York, NY 10163-4668<br>Payable to: "Marsh Law Firm PLLC in trust for Fiona" | $3,000.00 |
| Re: CinderBlockBlue series<br>Payments to be sent:<br>Marsh Law Firm PLLC<br>ATTN: Jane<br>P.O. Box 4668 #65135<br>New York, NY 10163-4668<br>Payable to: "Marsh Law Firm PLLC in trust for Jane" | $3,000.00 |
| Re: Jan_Socks1 series<br>Payments to be sent:<br>Kendra M. Oyen, LLC<br>503 N. Main Street, Suite 202<br>Pueblo, CO 81003<br>Payable to: "Kendra M. Oyen, LLC COLTAF for Jan Socks1" | $3,000.00 |
| Re: Jan_Socks2 series<br>Payments to be sent:<br>Carol L. Hepburn, P.S.<br>P.O. Box 17718<br>Seattle, WA 98127<br>Payable to: "Carol L. Hepburn I/T/F Savannah" | $3,000.00 |
| Re: Jan_Socks3 series<br>Payments to be sent:<br>Carol L. Hepburn, P.S.<br>P.O. Box 17718<br>Seattle, WA 98127<br>Payable to: "Carol L. Hepburn I/T/F Skylar" | $3,000.00 |

AO 245B (Rev. 09/19) Judgment in a Criminal Case

**Rodney Alan Hortman**
2:23-cr-89-SPC-NPM

| | |
|---|---|
| Re: JBN Flowers1 series<br>Payments to be sent:<br>Restore the Child, PLLC<br>2522 N. Proctor St., Suite 85<br>Tacoma, Washington 98406<br>Payable to: "Restore the Child in Trust for Jen" | $3,000.00 |
| Re: JBN Flowers2 series<br>Payments to be sent:<br>Restore the Child, PLLC<br>2522 N. Proctor St., Suite 85<br>Tacoma, Washington 98406<br>Payable to: "Restore the Child in Trust for Ivy" | $3,000.00 |
| Re: Jenny series<br>Payments to be sent:<br>Marsh Law Firm PLLC<br>ATTN: Jenny<br>P.O. Box 4668 #65135<br>New York, NY 10163-4668<br>Payable to: "Marsh Law Firm PLLC in trust for Jenny" | $3,000.00 |
| Re: Marineland1 series<br>Payments to be sent:<br>Carol L. Hepburn, P.S.<br>P.O. Box 17718<br>Seattle, WA 98127<br>Payable to: "Carol L. Hepburn I/T/F Sarah" | $3,000.00 |
| Re: Misty series<br>Payments to be sent:<br>Marsh Law Firm PLLC<br>ATTN: Amy<br>P.O. Box 4668 #65135<br>New York, NY 10163-4668<br>Payable to: "Marsh Law Firm PLLC Client Trust Account"<br>*Include case number in the memo line of the check | $3,000.00 |
| Re: MotorCouch1 series<br>Payments to be sent:<br>Carol L. Hepburn, P.S.<br>P.O. Box 17718<br>Seattle, WA 98127<br>Payable to: "Carol L. Hepburn I/T/F Cara" | $3,000.00 |

**Rodney Alan Hortman**
**2:23-cr-89-SPC-NPM**

| | |
|---|---|
| Re:  PD11 series<br>Payments to be sent:<br>Jones Day<br>c/o Allison L. McQueen and Andrew E. Lelling<br>110 North Wacker Drive, Suite 4800<br>Chicago, IL 60606<br>Payable to: "Jones Day on Behalf of PD11 Victim" | $3,000.00 |
| Re:  RedGlassesCry series<br>Payments to be sent:<br>Utah Crime Victims Legal Clinic<br>Attn: Taylor<br>404 East 4500 South, Ste B24<br>Salt Lake City, Utah 84107<br>Payable to: "Utah Crime Victims Legal Clinic in trust for Taylor" | $3,000.00 |
| Re:  Sweet Purple Sugar series<br>Payments to be sent:<br>Deborah A. Bianco, P.S.<br>P.O. Box 6503<br>Bellevue, WA 98008<br>Payable to: "Deborah A. Bianco, in trust for Ava" | $3,000.00 |
| Re:  Sweet White Sugar series<br>Payments to be sent:<br>Deborah A. Bianco, P.S.<br>P.O. Box 6503<br>Bellevue, WA 98008<br>Payable to: "Deborah A. Bianco, in trust for Pia" | $3,000.00 |
| Re:  Tara series<br>Payments to be sent:<br>Carol L. Hepburn, P.S.<br>P.O. Box 17718<br>Seattle, WA 98127<br>Payable to: "Carol L. Hepburn ITF Sloane" | $3,000.00 |
| Re:  Vicky series<br>Payments to be sent:<br>Carol L. Hepburn, P.S.<br>P.O. Box 17718<br>Seattle, WA 98127<br>Payable to: "Carol L. Hepburn I/T/F Lily" | $3,000.00 |

## SCHEDULE OF PAYMENTS

Special assessment shall be paid in full and is due immediately.

AO 245B (Rev. 09/19) Judgment in a Criminal Case

**Rodney Alan Hortman**
**2:23-cr-89-SPC-NPM**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

Defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment - **WAIVED**, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment - **WAIVED**, (9) penalties, and (10) costs, including cost of prosecution and court costs.

## FORFEITURE

Defendant shall forfeit to the United States those assets previously identified in the Indictment (Doc. 1) and Order of Forfeiture (Doc. 99), that are subject to forfeiture.